IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br>Plaintiff,<br><br>v.<br><br>SMP PROPERTIES, dba Travelodge,<br>DMP PROPERTIES, INC., dba<br>DAYS INN, BHAVESH PATEL, and<br>UDVIT MEHTA,<br>Defendants. | CIVIL ACTION<br>FILE NO.<br><br>3-15-cv-0003 |

## COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act.

I

Jurisdiction of this action is conferred upon the Court by section 17 of the Act and by 28 U.S.C. § 1345.

II

Defendant SMP Properties, Inc. is an Iowa corporation with its principal place of business located at 2216 Dodge Street in Iowa City, Iowa within the jurisdiction of this Court, where it does business as Travelodge.

4laq1001acl

Defendant DMP Properties, Inc. is an Iowa corporation with its principal place of business located at 205 2nd Street in Coralville, Iowa, within the jurisdiction of this Court, where it does business as Days Inn.

Defendant Udvit Mehta manages the Travelodge and Days Inn referenced above, and is the registered agent for both Defendant SMP Properties, Inc. and DMP Properties, Inc. He is an officer and at least 39% owner of both corporations, and acts directly or indirectly in the interest of Defendants SMP Properties, Inc. and DMP Properties, Inc. in relation to its employees.

Defendant Bhakesh Patel also manages the Travelodge and Days Inn referenced above, and is an officer and 50% owner of both Defendant SMP Properties, Inc. and DMP Properties, Inc., and acts directly or indirectly in the interest of Defendants SMP Properties, Inc. and DMP Properties, Inc. in relation to its employees.

### III

The activities of Defendants referred to in paragraph II were, and are, related and performed through unified operation or common control for a common business purpose, and have, since at least January 9, 2012 constituted an enterprise within the meaning of section 3(r) of the Act.

### IV

Since at least January 9, 2012, said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; an annual gross

volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(s)(1)(A) of the Act.

V

Defendants have violated and are violating the provisions of sections 6 and 15(a)(2) of the Act by failing to pay to certain employees, for their employment in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour after July 23, 2009.

VI

Defendants have violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing certain employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours since at least January 9, 2012, without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VII

Defendants, employers subject to the provisions of the Act, have violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that since at least January 9, 2012, Defendants failed to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment

maintained by Defendants, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act in that the records kept by Defendants failed to show, among other things, the hours worked each work day and each workweek, the regular rate of pay, the basis upon which wages are paid, the total straight time and overtime earnings for each workweek, and total additions to or deductions from wages paid each pay period, with respect to certain of Defendants' employees.

## VIII

Defendants have repeatedly violated the aforesaid provisions of the Act. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants, who receive actual notice thereof, from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Act, and for such other further relief as may be necessary and appropriate.

M. Patricia Smith
Solicitor of Labor
Connecticut Bar #371708

Christine Z. Heri
Regional Solicitor
IL Bar #6204656

H. Alice Jacks

Associate Regional Solicitor
MO Bar #24482

*[signature: Andrea Christensen Luby]*
Andrea Christensen Luby
Counsel for Wage & Hour
MO Bar #49009
KS Bar #19030

Two Pershing Square Building
2300 Main Street, Suite 1020
Kansas City, MO  64108

(816) 285-7270
(816) 285-7287 (fax)

U.S. Department of Labor

Attorneys for Plaintiff